IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| ALBERTO RODRIGUEZ ESPINOZA, BOP No. 56974-019,     Movant pro se, | : : : : : | MOTION TO VACATE 28 U.S.C. § 2255 |
| | : | CRIMINAL ACTION NO. |
| v. | : | 4:05-CR-67-HLM-WEJ-1 |
| | : | |
| UNITED STATES OF AMERICA,     Respondent. | : : | CIVIL ACTION NO. 4:16-CV-268-HLM-WEJ |

### FINAL REPORT AND RECOMMENDATION

Movant, Alberto Rodriguez Espinoza, confined in the D. Ray James Correctional Institution in Folkston, Georgia, has submitted a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion to Vacate") [180]. The matter is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate be **DISMISSED** as untimely and a certificate of appealability be **DENIED**.

### I.    PROCEDURAL HISTORY

In an indictment filed on September 20, 2005, movant was charged, in relevant part, with conspiracy to possess with intent to distribute 500 grams or more of a mixture of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) & 846 (count one)

[8]. On September 20, 2007, movant pleaded guilty to that charge [111, 112]. On December 5, 2007, the District Court sentenced movant to thirty months of imprisonment, followed by eight years of supervised release [124, 125]. Movant did not appeal. On December 17, 2008, the District Court revoked movant's supervised release and sentenced him to sixty months of imprisonment, followed by three years of supervised release [160, 161]. Movant did not appeal. (Pet. 2.)

In another indictment filed on November 13, 2008, movant was charged, in relevant part, with (1) conspiracy to possess with intent to distribute 500 grams or more of a mixture of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), & 846 (count one), and (2) re-entry following deportation, in violation of 8 U.S.C. § 1326(a) & (b)(2) (count three). See Indictment , United States v. Espinoza, No. 4:08-cr-60-HLM-WEJ-1 (N.D. Ga. Nov. 13, 2008). On October 21, 2009, movant pleaded guilty to those charges. See Minute Entry & Plea Agreement, United States v. Espinoza, No. 4:08-cr-60-HLM-WEJ-1 (N.D. Ga. Oct. 21, 2009). On January 13, 2010, the District Court sentenced movant to a consecutive term of 121 months of imprisonment, followed by five years of supervised release. See Judgment & Commitment, United States v. Espinoza, No. 4:08-cr-60-HLM-WEJ-1 (N.D. Ga. Jan. 14, 2010). Movant did not appeal. (Pet. 2.)

On April 13, 2016, the District Court reduced movant's total term of imprisonment in his two cases from 181 months to 180 months. See Order, United States v. Espinoza, No. 4:08-cr-60-HLM-WEJ-1 (N.D. Ga. Apr. 13, 2016). In the Motion to Vacate, executed on August 16, 2016, movant claims that his counsel provided ineffective assistance by failing to file appeals "after [the] sentencing hearing[s]," presumably on both December 17, 2008, and January 13, 2010. (Mot. Vacate 4, 13; Mov't Br. [180-1] 3, 7.)

## II.  DISCUSSION

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." 28 U.S.C. foll. § 2255, Rule 4(b). A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) movant's convictions became final; (2) a government impediment to making the § 2255 motion was removed; (3) a right that movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) movant, with due diligence, could have discovered the facts supporting his claims. See 28 U.S.C. § 2255(f)(1)-(4).

3

Under § 2255(f)(1), movant had fourteen days in which to appeal his convictions after the District Court sentenced him on December 17, 2008, and January 13, 2010. <u>See</u> Fed. R. App. P. 4(b)(1)(A)(i). Movant did not appeal, and the fourteen-day period expired on December 31, 2008, and January 27, 2010, respectively. The one-year statute of limitations expired for movant on December 31, 2009, and January 27, 2011, respectively.[1] Movant executed the Motion to Vacate at least five and one-half years late, on August 16, 2016.

Movant suggests that § 2255(f)(2) applies because there was no information available at his prison regarding the statute of limitations. (Mov't Br. 2.) However, movant fails to show that the alleged lack of such information prevented him from filing timely motions to vacate. Movant could have filed motions to vacate before December 31, 2009, and January 27, 2011, even if he did not know about the statute of limitations. <u>See</u> <u>Akins v. United States</u>, 204 F.3d 1086, 1090 (11th Cir. 2000) (requiring proof of actual harm for alleged impediment to satisfy § 2255(f)(2)).

Movant also suggests that § 2255(f)(4) applies because no one informed his wife that appeals were not filed. (Mov't Br. 1.) However, by waiting more than five years

---

[1] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

4

before executing the Motion to Vacate, movant fails to show that he acted with due diligence in discovering the facts supporting his claims of ineffective assistance of counsel.

"Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). As to movant's alleged lack of knowledge of the statute of limitations, "lack of a legal education and related confusion or ignorance about the law [are not acceptable] excuses for a failure to file in a timely fashion." Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (per curiam).

As to the alleged lack of notice that appeals were not filed, "[m]ere attorney negligence does not justify equitable tolling. . . . For a [movant] to be entitled to equitable tolling, there must be egregious attorney misconduct, such as proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part." Scott v. Duffy, 372 F. App'x 61, 63 (11th Cir. 2010) (per curiam) (citations and internal quotation marks omitted). Movant fails to show that counsel's failure to file appeals satisfies that standard. Therefore, movant is not entitled to equitable tolling.

5

Movant has not presented anything to suggest the applicability of § 2255(f)(3) or demonstrate actual innocence.[2] Accordingly, the undersigned **RECOMMENDS** that the Motion to Vacate be **DISMISSED** as untimely.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented

---

[2] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327.

AO 72A
(Rev.8/82)

were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (citing Slack, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion to Vacate [180] be **DISMISSED** as untimely and a certificate of appealability be **DENIED**.

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge in civil action number 4:16-cv-268-HLM-WEJ.

**SO RECOMMENDED**, this 27th day of September, 2016.

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)