# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

ALBERTO RODRIGUEZ ESPINOZA,

v.

CRIMINAL ACTION FILE NO.: 4:05-CR-067-01-HLM-WEJ

CIVIL ACTION FILE NO.: 4:16-CV-0268-HLM-WEJ

UNITED STATES OF AMERICA.

## ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, which Petitioner filed under 28 U.S.C.A. § 2255 ("§ 2255 Motion") [180], on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [182], and on Petitioner's Objections to the Final Report and Recommendation [184].

AO 72A
(Rev.8/8 2)

## I. Standard of Review for a Report and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely

2

objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

On August 16, 2016, Petitioner signed and mailed his § 2255 Motion. (§ 2255 Mot. (Docket Entry No. 180) at 13.) Petitioner raises one claim of ineffective assistance of counsel, based on counsel's alleged failure to file a requested appeal. (Id. at 4.)

On September 27, 2016, Judge Johnson issued his Final Report and Recommendation. (Final Report &

3

Recommendation (Docket Entry No. 182).) Judge Johnson recommended that the Court dismiss Petitioner's § 2255 Motion as untimely. (Id.)

Petitioner filed Objections to the Final Report and Recommendation. (Objs. (Docket Entry No. 184).) The Court finds that no response from the Government to those Objections is necessary. The Court therefore concludes that the matter is ripe for resolution.

## III. Discussion

The Court agrees with Judge Johnson that Petitioner's § 2255 Motion is untimely. (Final Report & Recommendation at 4-5.) Judge Johnson also properly found that equitable tolling was not appropriate. (Id. at 5.) Further, Petitioner did not demonstrate actual innocence. (Id. at 6.)

4

With all due respect to Petitioner, nothing in his Objections warrants a different result. (See generally Objs.) Specifically, Petitioner's vague complaints about the law library at D. Ray James C.F. did not require Judge Johnson to order the staff at that facility to produce an affidavit about the adequacy of the law library. (Id. at 2.) It is Petitioner's burden to produce evidence to support his contentions; it is not Judge Johnson's job to try to find that evidence. In any event, Petitioner's allegations do not show that equitable tolling, which applies only in extraordinary circumstances, is warranted here. Alleged deficiencies in a prison law library, the unavailability of lawyers, or lack of a legal education and related confusion or ignorance about the law will not warrant equitable tolling. Moreover, Petitioner has not shown that his counsel's failure to file appeals constitutes egregious

5

attorney misconduct that would justify applying equitable tolling. Under those circumstances, Petitioner's § 2255 Motion is untimely.

Further, it is Petitioner's duty to set forth sufficient facts in his Petition to show that he acted with due diligence, not the Court's job to direct Petitioner to do so. (Objs. at 2.) Summary review of a § 2255 Motion is not unreasonable, especially where, as here, it is abundantly clear from the Motion and the record in the case that the Motion is untimely. See generally 28 U.S.C. foll. § 2255, Rule 4(b).

Morever, given that Judge Johnson concluded that Petitioner's § 2255 Motion was untimely, there was no need for anyone to request evidence from Petitioner's wife about her communications with Petitioner's attorney concerning an

6

AO 72A
(Rev.8/8

appeal. (Objs. at 2.)[1] This argument does not warrant rejecting the Final Report and Recommendation.

Finally, for the reasons set forth in the Final Report and Recommendation, the Court declines to issue a certificate of appealability. (Final Report & Recommendation at 6-7.) The Court therefore adopts the Final Report and Recommendation, overrules Petitioner's Objections, and denies Petitioner's § 2255 Motion.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [182], overrules Petitioner's Objections to the Final Report and Recommendation [184], and

---

[1] As previously noted, requesting affidavits or supporting evidence is not Judge Johnson's job. It is Petitioner's duty to provide affidavits or supporting evidence to the Court.

7

**DISMISSES** Petitioner's § 2255 Motion [180] as untimely.

The Court **DECLINES** to issue a certificate of appealability.

Finally, the Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with the § 2255 Motion: Civil Action File No. 4:16-CV-0268-HLM-WEJ.

IT IS SO ORDERED, this the 17 day of October, 2016.

_____
UNITED STATES DISTRICT JUDGE